PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1999 Ford Taurus struck a hole in the main traveled portion of County Route 44/2, in Leivasy, Nicholas County. County Route 44/2 is a public road maintained by respondent. The Court is of the opinion to malee an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 2:00 p.m. on June 6, 2009. County Route 44/2 is a tar and chip road. At the time of the incident, the claimant was driving at approximately fifteen miles per hour when his vehicle struck a hole that was approximately eighteen inches long and twenty inches wide. The hole was located in an area where a culvert extends under the road. Claimant testified that the culvert, which was located approximately five feet below the surface of the road, needed to be replaced. As a result of this incident, claimant’s vehicle sustained damage to one tire, one sway bar link, and the vehicle needed to be realigned, totaling $254.87.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 44/2. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $254.87.
Award of $254.87.